## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM and STATE TEACHERS RETIREMENT SYSTEM OF OHIO, on Behalf of Themselves and all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FREDDIE MAC a.k.a. FEDERAL HOME LOAN MORTGAGE CORPORATION, LELAND C. BRENDSEL, VAUGHN A. CLARKE, DAVID W. GLENN, and GREGORY J. PARSEGHIAN, <br><br> Defendants. | MDL – 1584 <br> Lead Case No. 03-CV-4261 <br> (Securities Class Action) <br><br> Judge Kevin T. Duffy |

## [~~PROPOSED~~] ORDER APPROVING FINAL DISTRIBUTION PLAN

Lead Plaintiffs Ohio Public Employees Retirement System and the State Teachers Retirement System of Ohio (collectively, "Lead Plaintiffs"), by motion filed on May 18, 2009, on notice to Defendants' Counsel, moved this Court for an order approving Lead Plaintiffs' final distribution plan for the Net Settlement Fund in the above-referenced action, and the Court having considered all the materials and information submitted in support of this motion, including the Declaration of Stephen J. Cirami in Support of Lead Plaintiffs' Motion for Approval of Final Distribution Plan (the "Cirami Declaration"), submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  This Order incorporates by reference the definitions in the Stipulation of Settlement of Securities Action dated May 23, 2006 (the "Stipulation") and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of this Securities Action and over all parties to this Securities Action, including all Class Members.

3.      Lead Plaintiffs' plan for final distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

   a.      The Claims Administrator's administrative recommendations concerning the Payment Objection, Late Claims, and Adjusted Claims, each as set forth in the Cirami Declaration, are adopted.

   b.      Stale dated checks (as described in the Cirami Declaration) shall be addressed as follows: (i) all stale dated checks shall be deemed void immediately, (ii) all currently non-stale uncashed checks shall be deemed void upon becoming stale; and (iii) all funds remaining for such stale checks shall be irrevocably forfeited with such funds made available to be redistributed.

   c.      The Claims Administrator shall pay all Authorized Claimants who were not included in the Initial Distribution (*e.g.*, accepted otherwise eligible Late Claims and Adjusted Claims) their *pro rata* shares of the Initial Distribution amount (the "Catch-Up Payments").

   d.      Lead Counsel shall conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which the remaining Net Settlement Fund, after deducting the Claims Administrator's estimated costs of such distribution, as reflected on the invoice provided to the Court with the Cirami Declaration, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns, will be paid to Authorized Claimants who either have cashed their Initial Distribution checks or are receiving Catch-Up Payments, with such distribution checks to bear a 60-day void notification.

   e.      If cost effective, as determined by Lead Plaintiffs and the Claims Administrator, not less than three months after the Second Distribution is conducted, a further

distribution of the Net Settlement Fund shall be made, pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be paid to Authorized Claimants who cashed their Second Distribution checks and who would receive at least $10.00, with additional redistributions thereafter in three-month intervals until Lead Plaintiffs and the Claims Administrator determine that further redistribution is not cost-effective.

f. At such time as Lead Plaintiffs and the Claims Administrator determine that further redistribution is not cost-effective, Lead Plaintiffs shall propose to the Court for its consideration suggestions for the disposition of the balance of the Net Settlement Fund after payment of any unpaid costs or fees incurred in connection with administering the Net Settlement Fund.

g. No Proofs of Claim may be accepted and no adjustments to Proofs of Claim may be made for any reason after the Lead Plaintiffs' Notice of Motion for Approval of Final Distribution Plan for Net Settlement Fund was filed, as reflected on the Court's docket.

h. The Claims Administrator may destroy paper copies of Proofs of Claim immediately after entry of this Order, and may destroy electronic copies of claim records two years after all appeals of this Order Approving Final Distribution Plan are resolved, or the time for any such appeals has lapsed.

i. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (the "Released Persons") are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they have or are to receive payment from

the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them as provided in the Court's distribution orders.

   j. This Court retains jurisdiction over any further application or matter which may arise in connection with the Settlement.

SO ORDERED:

Dated: New York, New York
   June 29, 2009

/s/ Kevin T. Duffy
KEVIN T. DUFFY
UNITED STATES DISTRICT JUDGE

#369106.2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-29-09
```